STEPHEN HUGHES et al.

v.

THE CITY OF MOMENCE.

*Filed at Ottawa November 9, 1896.*

1. PUBLIC IMPROVEMENTS—*what may be paid for by a special levy.*
The laying of pipes for the conveyance of water along a particular
street is of special benefit, and constitutes a local improvement,
which may be paid for by a special levy, while a reservoir, wells,
stand-pipe, pumping works and buildings are of general utility, and
must be paid for by general taxation.

2. SAME—*effect of existence of private water-pipes in street.* An ordi-
nance for the laying of water-pipes on certain streets is not inval-
idated by the fact that pipes of a private company exist on some
of the streets.

3. SAME—*what not a double improvement.* An ordinance providing
for the construction of a system of water-works, including supply
mains, reservoirs, distributing mains, fire hydrants and other neces-
sary appurtenances, is not invalid as providing for two improve-
ments·because it provides that the reservoirs and works shall be
paid for by general taxation while the mains are to be paid for by
local assessment.

4. SPECIAL ASSESSMENTS—*means to pay city's portion of tax need not
be first provided.* It is no defense to a special assessment for water
mains that the city has not provided means to pay for the pumping
works and reservoirs, which the ordinance provides shall be paid
for by general taxation.

5. SAME—*when evidence as to benefits to property not assessed may be
rejected.* Evidence offered by the objectors to an assessment for
public improvements that other property not assessed is specially
benefited, after verdict and the overruling of a motion for a new
trial, is properly rejected.

6. APPEALS AND ERRORS—*failure to seal bill of exceptions—when
objection comes too late.* The objection that a bill of exceptions is not
sealed by the judge is purely technical, and cannot be first made in
the briefs in the case as taken.

APPEAL from the County Court of Kankakee county;
the Hon. JOHN SMALL, Judge, presiding.

WILLIAM R. HUNTER, and B. F. GRAY, for appellants:

The power to pay for local improvements by special
assessment is a statutory one, and must be clearly con-

ferred.    *Chicago* v. *Law,* 144 Ill. 569; *Wright* v. *Chicago,* 20 id. 252; Dillon on Mun. Corp. 763.

These grants of power exclude any presumption of power to pay for a general system of water-works by special assessment.    Sutherland on Stat. Const. 326; *Updike* v. *Wright,* 81 Ill. 49; *Gridley* v. *Bloomington,* 88 id. 554.

Since the village is expressly given by statute power to levy and collect a general tax for water-works, it is by implication prohibited from making a special assessment to raise funds for that purpose.    *Morgan Park* v. *Wiswall,* 155 Ill. 262; *Blue Island* v. *Eames,* id. 398.

It cannot be done by special assessment.    *Blue Island* v. *Eames,* 155 Ill. 398; *Morgan Park* v. *Wiswall,* id. 262; *Chicago* v. *Law,* 144 id. 569; *Bloomington* v. *Railroad Co.* 134 id. 457; *State* v. *District Court,* 33 Minn. 295; *Hanscom* v. *Omaha,* 11 Neb. 37; *Hammett* v. *Philadelphia,* 65 Pa. 146; *Washington Avenue case,* 69 id. 352.

"Local improvements" must be considered in connection with "special assessments."    *Guild* v. *Chicago,* 87 Ill. 472; *Sterling* v. *Galt,* 117 id. 11; *Wilson* v. *Board,* 133 id. 469.

A local improvement should be in the immediate vicinity of property assessed.    *Hill* v. *Higdon,* 5 Ohio, 243; *Hale* v. *Kenosha,* 29 Wis. 599; *Chicago* v. *Law, supra.*

Whether, in a given case, an improvement is of that character that it can be made by special assessment is a question of fact, and not of law.    *Wilson* v. *Board, supra; Kelly* v. *Chicago,* 148 Ill. 90.

The court should permit evidence to show that property specially benefited has not been assessed, and the amount of benefit which would accrue to such property. *Railroad Co.* v. *Chicago,* 139 Ill. 573; *Chicago* v. *Baer,* 41 id. 306; *Page* v. *Chicago,* 60 id. 441; *Parmelee* v. *Chicago,* id. 267; *Bigelow* v. *Chicago,* 90 id. 55; *Rich* v. *Chicago,* 152 id. 18.

City councils cannot arbitrarily decide that an improvement is a local one.    It is a question to be decided by a court.    *Bloomington* v. *Railroad Co.* 134 Ill. 460; *Chicago* v. *Law,* 144 id. 577; *Morgan Park* v. *Wiswall, supra.*

PADDOCK & COOPER, for appellee:

A portion of an ordinance which is valid may stand and be separated from the invalid part. 8 Wait's Actions and Defenses, 931; *Poyer* v. *Desplaines*, 123 Ill. 111; *Wilbur* v. *Springfield*, id. 395.

Such portions of a water-works system as are of peculiar benefit to certain localities and property are local improvements and may be paid for by special assessment. *Warren* v. *Chicago*, 118 Ill. 329.

In *People* v. *Sherman*, 83 Ill. 165, an ordinance was upheld which provided for the laying of water supply-pipes and defraying the cost thereof by special assessment.

The question is not, is this of general public benefit, but, rather, does it benefit in a peculiar degree certain property assessed. *Wilson* v. *Trustees*, 133 Ill. 469.

The maintenance of the pipes and the supplying of water are necessarily a continuance of expense, and for that reason the assessment of the cost upon adjacent property is within the general principle of local assessments. Cooley on Taxation, 427.

The evidence that the city of Momence had reached the constitutional limit of indebtedness was properly ruled out under *Railroad Co.* v. *Jacksonville*, 114 Ill. 562.

Being a question of fact, this court cannot say, as a matter of law, that this is not a local improvement. *Wilson* v. *Trustees*, 133 Ill. 470.

The fact that a private and partial system of water-works existed in the city of Momence previously is not material in this case. Hurd's Stat. sec. 134, chap. 24; *Cram* v. *Chicago*, 138 Ill. 506.

EDGAR ELDREDGE, also for appellee:

The bill of exceptions being, in effect, the pleading of the party who alleges error, is to be construed most strongly against him. *McKee* v. *Ingalls*, 4 Scam. 30; *Bank* v. *Haskell*, 23 Ill. App. 616; *Railway Co.* v. *Duffin*, 24 id. 28; *Monroe* v. *Snow*, 33 id. 230.

There can be no legal bill of exceptions in the record unless sealed by the judge. *Sterling* v. *Grove*, 56 Ill. App. 370; *French* v. *Hotchkiss*, 60 id. 580.

A bill of exceptions not signed and sealed is not a part of the record. *Railway Co.* v. *Benham*, 25 Ill. App. 248; *Cline* v. *Railway Co.* 41 id. 517; *Railway Co.* v. *Johnson*, 34 id. 352; *Fielden* v. *People*, 128 Ill. 603.

A bill of exceptions should show that it contains all the evidence heard by the court. *Snell* v. *People*, 29 Ill. App. 431; *Railway Co.* v. *Cope*, 36 id. 97; *Railroad Co.* v. *Harlan*, 31 id. 544; *Grimley* v. *Donaghue*, 36 id. 551; *Patterson* v. *Folson*, 30 id. 437; *Robertson* v. *Morgan*, 38 id. 138; *Chemical Works* v. *Alexander*, 30 id. 502; *Railway Co.* v. *Aldrich*, 134 Ill. 14; *Garrity* v. *Hamburger Co.* 136 id. 513.

In the absence of a bill of exceptions everything must be presumed in favor of the action of the court. *Smith* v. *Gilman*, 38 Ill. App. 397 ; *Paeger* v. *Henry*, 39 id. 22; *Rohrheimer* v. *Eagle*, 30 id. 498; *Goodwillie* v. *Lake View*, 137 Ill. 67; *Ryan* v. *Sanford*, 133 id. 298.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The city council of the city of Momence adopted an ordinance, the first and ninth sections of which are as follows:

"Sec. 1. That a system of water-works, including supply mains, a standing reservoir and a submerged reservoir, distribution mains, fire hydrants, and the necessary appurtenances and appendages thereto, be built and constructed in the city of Momence, Kankakee county, Illinois, and vicinity thereof, as hereinafter provided."

"Sec. 9. That so much of said improvement as shall relate and refer to the laying and construction of the water mains and the appurtenances thereto, not including hydrants, reservoirs and pumping station, but meaning and intending to include mains and such things as are properly a part of mains and go to constitute mains

constructed, shall be made and the cost thereof paid for by a special assessment to be levied upon the property benefited thereby, to the amount that the same may be legally assessed therefor, (and the remainder of such cost shall be paid by general taxation,) in accordance with article 9 of an act of the General Assembly of the State of Illinois, entitled 'An act to provide for the incorporation of cities and villages,' approved 10th day of April, 1872."

The commissioners appointed to make an estimate of the cost of the improvement in laying mains and of making the assessment, made the estimate at $24,400, and of this sum the amount assessed against lots and blocks was $24,255.58 and to be paid by the city $144.42. This does not include costs of reservoirs and stand-pipe, etc. A petition was then filed in the county court for the appointment of commissioners to make assessment of the same upon the property benefited, etc., which was done, and upon a return of the assessment roll objections were filed by various owners of lots and blocks. By these objections it is insisted the ordinance is void and the city counsel had no authority to make the proposed assessment, as it was not a local improvement; that two assessments are made on the same property; that the proposed improvement is on streets where water mains already exist; that it is a general public improvement, and not a local one; that the assessment is not levied in proportion to benefits; that the assessment is made for a part of the proposed improvement without any provision being made for the payment of that part not specially assessed, and that objectors' property would not be benefited equal to the assessment made. These objections were overruled, except as to the one that appellants' property would not be benefited by the proposed improvement equal to the assessment made. The overruling of these objections presents the first question raised on the record.

The ordinance in this case fully states the nature of the proposed improvement, its character, locality and description, and the part to be paid by special assessment and by general taxation.

It is urged that this is not a local improvement, under this ordinance, for which a special assessment should be made, and counsel rely on *Village of Morgan Park* v. *Wiswall*, 155 Ill. 262, and *Village of Blue Island* v. *Eames*, id. 398, as establishing that rule. In those cases it was held the construction of the water-works, such as the wells to furnish a supply of water, was not a local improvement. The cost of constructing a reservoir, of sinking a well, the erection of a stand-pipe and the pumping works and buildings for the same, are not local improvements, but of general utility to the inhabitants, and must be paid for by general taxation. The laying of pipes for the conveyance of water along a particular street or streets is local to the particular street and of special benefit, and is a local improvement, and may be paid for by special assessment or special taxation.

The objection that two improvements were to be made under this ordinance is not well taken. The ordinance provides for one improvement, and the cost of certain parts of that improvement shall be paid for by general taxation and certain other parts by special assessment. Parts of the general improvement, such as the reservoirs, etc., could only be paid for by general taxation, and the fact that the ordinance so provided and at the same time provided that certain other parts should be paid for by special assessment where there were special benefits to property, constitutes no valid objection to the ordinance. *City of Galesburg* v. *Searles*, 114 Ill. 217.

That there are certain streets on which water-pipes already exist, being those of a private company, cannot constitute an objection fatal to this ordinance. The right to provide for the improvement is in the city council, and its necessity and character are solely for that body, un-

less manifestly unreasonable. (*Chicago, Burlington and Quincy Railroad Co.* v. *City of Quincy*, 139 Ill. 355; *Pike* v. *City of Chicago*, 155 id. 656; *Cram* v. *City of Chicago*, 138 id. 506.) A private company may have certain mains laid and refuse to extend them to other parts of the city. The city might provide for laying mains on the same streets where those were already existing, and it might be necessary to do so to make any available.

The fact that the city has not provided means to pay for that part of the improvement which is to be paid other than by special assessment, constitutes no defense to the adoption of the ordinance and the levy and collection of the special assessment. (*People ex rel.* v. *Green*, 158 Ill. 594.) There was no error in overruling the objections.

The only question for trial before the jury was whether the land of the objectors was assessed more than it was benefited or more than its proportionate share of the proposed assessment. (*Jones* v. *Town of Lake View*, 151 Ill. 663.) The objectors, for the purpose of lessening and reducing the amount assessed against them, would have a right to show that other property not assessed was specially benefited. But that would be evidence for the jury. In this case, after the verdict and overruling of the motion for new trial, the objectors offered evidence of that character for the court. This was not proper at that time, and it was not error to deny the motion for leave to introduce that evidence.

It is objected that the bill of exceptions is not sealed by the judge. It appears to be signed, but no scrawl is attached as a seal. This objection is purely technical, and if made before the case was taken it would have been necessary to correct it in that regard. It comes too late to make that objection in the briefs on the case as taken.

We find no error in the record, and the judgment is affirmed.

*Judgment affirmed.*