STEPHEN HUGHES *et al.*

*v.*

THE CITY OF MOMENCE.

*Filed at Ottawa November 9, 1896.*

1. PUBLIC IMPROVEMENTS—*what part of city water-works must be
paid for by general tax.*    The stand-pipe, reservoir, pumping works,
etc., of a system of water-works do not constitute a local improve-
ment, and a special assessment to pay for the same is prohibited,
but the city may levy and collect a general tax for the construc-
tion thereof.

2. APPEALS AND ERRORS —*failure of judge to seal bill of exceptions—
how availed of.*    An objection that a bill of exceptions is not sealed
by the judge is purely technical, and cannot be first made in the
briefs in the case as taken.

APPEAL from the County Court of Kankakee county;
the Hon. JOHN SMALL, Judge, presiding.

WILLIAM R. HUNTER, and B. F. GRAY, for appellants:

It is not within the power of cities and villages to
provide by special assessment for the construction of
water-works, as that is not a local improvement as con-
templated by and within the meaning of article 9 of the
act of 1872.    *Blue Island* v. *Eames*, 155 Ill. 398.

PADDOCK & COOPER, for appellee :

Special assessments may be levied to pay for improvements when the benefit to some particular lands is more than the general benefit accruing to the public.   *Wilson* v. *Trustees,* 133 Ill. 469.

The court has upheld the construction of similar improvements in this manner.   *Warren* v. *People,* 118 Ill. 329; *People* v. *Sherman,* 83 id. 165.

The grant of power to raise money by general taxation for water-works does not imply any alteration in the city's power to raise said money by special assessment, especially as such power is expressly conferred by statutory enactment.   Hurd's Stat. chap. 24, sec. 258.

EDGAR ELDREDGE, also for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is an appeal from an order confirming a special assessment.   After the adoption of the ordinance under which a special assessment was made for laying mains, etc., as affirmed in *Hughes* v. *City of Momence,* 163 Ill. 535, another ordinance was passed by the city council on the same day the former ordinance was adopted, the first and second sections of which are as follows:

"Section 1. *Be it ordained by the City Council of Momence,* That so much of the local improvements in a certain ordinance contemplated, this day passed, of the following title, 'An ordinance providing for the construction of a system of water-works and water mains and hydrants, to be constructed, laid and set in certain streets and parts of streets in the city of Momence, Kankakee county, Illinois, and through other lands in said city, and for the construction of a standing reservoir, and a reservoir excavated beneath the ground, or submerged reservoir, on certain lands in the following ordinance mentioned, said water mains, hydrants, reservoirs and other work to form

a connected system of water-works for said city, for the use of said city for the purposes of fire protection, and for the use of the inhabitants of said city as a means of furnishing to the inhabitants thereof water, the whole to form a complete and connected system of water-works,' as relates to the construction of hydrants and reservoirs, and the attachments and appurtenances thereto which form a part of said hydrants and reservoirs, shall be made and the cost thereof paid for by special assessment to be levied upon the property benefited thereby to the amount that the same may be legally assessed therefor, and the remainder of such cost to be paid by general taxation, in accordance with article 9 of an act of the General Assembly of the State of Illinois entitled 'An act to provide for the incorporation of cities and villages,' approved the 10th day of April, 1872, and the acts amendatory thereof.

"Sec. 2. That the total amount of said special assessment shall be divided into seven installments, the first of which shall be one-seventh of the entire cost of said improvement, estimated as herein provided, plus a fractional amount of said remaining six-sevenths of said cost over and above the greatest number of even hundred dollars in said remainder divisible by six, and each of the remaining six installments shall be one-sixth of the residue after deducting the said first installment. The first of the said seven installments shall be due and payable on and after the confirmation of said assessment; the second installment in one year; the third in two years; the fourth in three years; the fifth in four years; the sixth in five years; the seventh in six years."

By the provisions of this second ordinance it was sought to provide by a special assessment for the payment for the construction of a stand-pipe, reservoirs, pumping works and attachments and appurtenances thereto, which, by section 9 of the ordinance the title of which is embraced in section 1 above, was to be paid for by general taxation on property within the city. We

held in the case above cited that the laying of mains, etc., was a local improvement, which could be provided, by ordinance, to be paid for by special assessment, etc.

The ordinance in this case having been passed and a petition filed for a confirmation of the assessment, certain lot owners appeared and filed objections. For the purpose of this case we need refer to but the twelfth and thirteenth, which are:

12. "This proceeding is void because it is a general public improvement for the benefit of all the property in said city of Momence, both real and personal, and real property cannot be assessed for an improvement which benefits personal property as well, without assessing the benefits against such personal property, which, under the law, cannot be done.

13. "A general public improvement of this character can be made and paid for by general taxation only, and not by special assessment."

These objections were overruled, to which exception was taken. The stand-pipe, reservoir, pumping works, etc., of a system of water-works are in no sense a local improvement, and there is no authority in law for making a special assessment on the property of appellants to pay for the same. The city is expressly given power to levy and collect a general tax for the construction of water-works, and is prohibited from making a special assessment to pay for the same. *Village of Morgan Park* v. *Wiswall,* 155 Ill. 262; *Village of Blue Island* v. *Eames,* id. 398.

The objection is made that the bill of exceptions is not sealed by the judge. What is said in *Hughes* v. *City of Momence,* 163 Ill. 535, applies to this case.

The judgment of the county court of Kankakee county is reversed.                    *Judgment reversed.*