T. J. O'NEIL

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa May 11, 1897.*

1. SPECIAL ASSESSMENTS—*objection that assessment ordinance is void is available on application for judgment of sale.* An objection that a special assessment ordinance is void goes to the jurisdiction of the court in confirming the assessment, and may be raised on application for judgment of sale for the delinquent assessment.

2. SAME—*objection that assessment was improperly divided into install-ments must be made to the confirmation.* An objection that a special assessment was divided into installments in a manner not author-ized by law must be made in the proceeding had to confirm the as-sessment, and comes too late on application for judgment of sale.

3. SAME—*when ambiguous ordinance will not be held void.* An ordi-nance to raise money by special assessment to pay for a "connected system of water-works, with the necessary reservoirs, fire hydrants and water mains," will not be held void, as being uncertain as to whether the construction of a stand-pipe, engine house and other general improvements was contemplated, where all action taken under the ordinance clearly shows that it was understood as limit-ing the special assessment to the local improvements alone.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

This is an appeal from the judgment of sale rendered by the county court of Cook county against certain lots of appellant for a delinquent special assessment. The ordinance upon which the judgment of confirmation was

based was adopted by the president and trustees of the village of Maywood, and was, in part, as follows:

"Sec. 1. That for the purpose of providing for a supply of water for fire protection in said village and for the use of the inhabitants of said village of Maywood, there shall be located, erected and constructed a connected system of water-works, with the necessary reservoirs, fire hydrants and water mains, located and constructed as hereinafter provided; that said water-works and attachments thereto shall be located on block 56, in Maywood, a subdivision in sections 2, 11 and 14, in township 39, north, range 12, east of the third principal meridian, situated, lying and being in the said village of Maywood, county of Cook and State of Illinois, as shown on the plans of the property and location of water-works on file in the office of the village clerk of said village of Maywood, all to be constructed of the materials and in the manner provided for in said ordinance and as shown on the plans and profiles thereof, and as provided by the specifications thereof on file in the office of the village clerk of said village.

"Sec. 2. That for the purpose of conveying the water to be supplied, as aforesaid, for the purpose of fire protection in said village of Maywood and for the use of the inhabitants of said village of Maywood, aforesaid, from a deep well located on said block 56, at said water-works, to the different parts of said village of Maywood, there shall be constructed and laid cast-iron water mains, of the dimensions and diameter hereinafter provided, in and along the streets and avenues of said village of Maywood, said mains to be laid at a depth of five and one-half feet below the established grade of said streets and avenues, and running in a northerly and southerly, easterly and westerly, direction. * * * All of said mains to be connected with the water supply-pipe or main leading from and connected with said deep well on said block 56, together with all necessary mains, pipes, valves, fire hy-

drants and other connections to be constructed and laid in and along the said streets and avenues of said village, as follows, to-wit:   *   *   *

"Sec. 3. The said improvement shall be made and the cost thereof paid for by special assessment to be levied upon the property benefited thereby to the amount that the same may be legally assessed therefor, and the remainder of such cost to be paid for by general taxation, in accordance with article 9 of an act of the General Assembly of the State of Illinois entitled 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, as amended.

"Sec. 4. That when said special assessment shall be levied pursuant to law and prior to commencing the collection thereof, the president and board of trustees of said village of Maywood shall provide, by ordinance, that said assessment shall be divided into ten installments, the first of which shall be, as nearly as may be, twelve and one-half per cent of the amount of said assessment, and said division shall be so made that the first installment thereof shall include all fractional amounts, leaving each of the remaining installments equal in amount and multiples of one hundred dollars, in accordance with an act of the General Assembly of the State of Illinois entitled 'An act to authorize the division of special assessments in cities, towns and villages into installments, and authorizing the issue of bonds to anticipate the collection of the deferred installments,' approved June 17, 1893, in force July 1, 1893."

The report of the commissioners appointed by the ordinance to make an estimate of the cost of the contemplated improvement was as follows:

"*To the President and Board of Trustees of the Village of Maywood:*—The president and board of trustees of the village of Maywood having passed an ordinance on the 14th day of February, A. D. 1895, providing for the establishment and construction of a system of water-works, water mains and hydrants

in a manner prescribed by said ordinance, and that the cost of certain portions thereof be paid by special assessment, to be levied upon property benefited thereby, to the amount that the same. may be legally assessed therefor, and the remainder of said cost to be paid by general taxation, and the undersigned having been appointed by said president and board of trustees of the said village of Maywood commissioners to make an estimate of the said portion of said cost of said improvement, do hereby submit our estimate.of the portion of said cost of said contemplated improvement, as follows, viz.:

ESTIMATE OF COST.

Cost of labor and materials, water reservoirs, hydrants,
  water mains and appurtenances..........................$173,402
Other expenses attending said improvement...............,  19,000
Cost of making and levying the assessment..... ......... .   4,000
                                                         ----------
                                                           $196,402

"Dated at the village of Maywood, in the county of Cook and State of Illinois, this 14th day of February, A. D. 1895.

SAM WALKER, )
JACOB BOHLANDER, } *Commissioners.*"
JOHN HODGSON, )

Said report was duly approved, and proceedings were commenced in the county court to assess the cost of the improvement. Default was taken against the lots of appellant, and the assessment made against them was confirmed by the judgment of the court. Thereafter the lots of appellant were returned as delinquent, and the county collector applied to the county court for judgment of sale against them. Appellant appeared by his counsel and filed numerous objections. Those relied upon were: First, "the said ordinance was void;" second, "the estimate of the cost of the proposed improvement was void;" third, "the assessment was divided into ten annual installments without authority of law." The court overruled all of the objections and rendered judgment against the lots.

McMAHON & CHENEY, HECKMAN & CARNAHAN, and FIREBAUGH & DRAPER, for appellant.

THATCHER & GRIFFEN, and B. A. DUNLAP, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

Appellant contends that the ordinance in this case is void, but on behalf of appellee it is urged that this question cannot be raised in this, a collateral, proceeding; that the confirmation of the special assessment is an adjudication as to the validity of the ordinance, and is conclusive as against appellant in this proceeding. The objections to the ordinance were not made in the confirmation proceeding. In a case such as this the rule is that the ordinance can be attacked on the ground it is void, but on this ground only, for if the ordinance is void, the court, in the assessment proceeding, had no jurisdiction, and all the proceedings based upon the ordinance are consequently void. Thus the question of the validity of the ordinance is a jurisdictional one, and may properly be raised in this proceeding. *Culver* v. *People*, 161 Ill. 89; *Doremus* v. *People*, id. 26; *Cole* v. *People*, id. 16.

The ground upon which the ordinance is attacked is, that the improvement provided for therein is not a local improvement, and cannot, therefore, be paid for by special assessment. The ordinance recites: "That for the purpose of providing for a supply of water for fire protection in said village and for the use of the inhabitants of said village of Maywood, there shall be located, erected and constructed a connected system of water-works, with the necessary reservoirs, fire hydrants and water mains, located and constructed as hereinafter provided," and that said system of water-works, with the attachments thereto, should be constructed of the materials and in the manner "shown on the plans and profiles thereof, and as provided by the specifications thereof on file in the office of the village clerk of said village." The burden of proof was upon appellant to show the invalidity of the ordinance, and this he has not done. A reference to the plans, profiles and specifications mentioned in the ordinance would doubtless show whether the ordinance contemplated the construction merely of reservoirs, fire

hydrants and water mains, which are clearly local improvements and may be paid for by special assessment, (Rev. Stat. chap. 24, sec. 231,) or whether it contemplated the construction also of the stand-pipe, engine house, etc.,—improvements that are general and not local in their character. But said plans, profiles and specifications are not found in the record.

The ordinance is, at most, ambiguous, but seems to have contemplated the construction of reservoirs, fire hydrants and water mains, and the estimate of cost was not, as in *Village of Morgan Park* v. *Wiswall*, 155 Ill. 262, and other cases cited by appellant, for improvements plainly not local, but was only for reservoirs, fire hydrants and water mains, and other things necessarily appurtenant thereto. This appears from the report of the commissioners appointed by the ordinance:

"ESTIMATE OF COST.

Cost of labor and materials, water reservoirs, hydrants
    and water mains and appurtenances.............$173,402
Other expenses attending said improvement.......... 19,000
Cost of making and levying the assessment.......... 4,000

       Total................................. $196,402"

In said report the commissioners say that an ordinance having been passed providing for the construction and establishment of a system of water-works, water mains and hydrants, the cost of certain portions thereof to be paid for by special assessment, and they having been appointed "commissioners to make an estimate of the said portion of said cost of said improvement, do hereby submit our estimate of the portion of said cost of said contemplated improvement, as follows," etc. The use of the word "portion" in their report, together with the fact that their estimate was limited to the items mentioned in the "estimate of cost" above set forth, shows that the commissioners understood the ordinance in the restricted sense we have indicated,—that is, that the construction of reservoirs, fire hydrants and water mains was the im-

provement contemplated by the ordinance and which was to be paid for by special assessment. The fact that said report was approved by the president and trustees of the village shows that the ordinance was understood by them in that sense. Under such circumstances, and since the contract has been let and the work done, the ordinance should not be held void.

It is further contended that the assessment is void because "it is divided into installments, when there is no provision for so doing in said ordinance or otherwise." Section 4 of the ordinance provides: "That when said special assessment shall be levied pursuant to law, and prior to the commencing of the collection thereof, the president and board of trustees of said village of Maywood shall provide, by ordinance, that said assessment shall be divided into ten installments," etc. Continuing, the section details the manner in which said installments shall be divided, etc. No such second ordinance as that mentioned in section 4 was ever passed by the village. Counsel say that there was, therefore, no authority to divide the assessment into installments, as was done. A subsequent or second ordinance was not necessary. Said section 4 substantially divided the assessment into ten installments. That part of the section which said that a future ordinance should be passed is insensible. It is mere surplusage, and may be disregarded. The remainder of the section stands good without it. It is a sufficient answer, however, to this contention, (waiving the question as to whether this objection could be properly interposed in this proceeding,) that the objection was not made in the court below, and cannot be made for the first time on appeal. *Delamater* v. *City of Chicago*, 158 Ill. 575.

We find no error in the record, and the judgment will be affirmed.                         *Judgment affirmed.*