P. W. HARTS

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Opinion filed February 14, 1898.*

1. The point that the description of the assessed property is defective is decided adversely to the objector upon the authority of *Harts* v. *People ex rel. (ante,* p. 373.)

2. SPECIAL ASSESSMENTS—*when ordinance will not be held void, as providing for general improvement.* An ordinance for constructing, by special assessment, a water-works system, including structures connected therewith, which are general improvements, will not be

held void, on application for judgment of sale, as being for a general improvement, where the ordinance provides that "certain portions" shall be paid by special assessment, and the estimate of the commissioners shows that only such portions as were local were included. (*O'Neil* v. *People*, 166 Ill. 561, followed.)

3. APPEALS AND ERRORS—*when trial court's exclusion of evidence will be presumed correct.* In the absence from the bill of exceptions of evidence excluded by the court at trial, it must be presumed, on appeal, that such evidence was properly excluded.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

EDWIN B. HARTS, for appellant.

THATCHER & GRIFFEN, and B. A. DUNLOP, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

In the county court of Cook county, on application of the county collector, judgment was rendered against the property of appellant on account of the delinquent second installment of a special assessment levied by the village of Maywood for the construction of water mains, etc. The objections cover two points: First, that the description of the property in the assessment proceedings is so defective as to render the judgment confirming the roll void; second, that the ordinance on which the assessment is based is void, because it includes work which is not a local improvement.

With reference to the first point, this case must be controlled by the decision in *Harts* v. *People*, (*ante*, p. 373.) The facts are identical. The property is the same. The only difference between the two cases is, that in the former the assessment was for sewers, while in this it is for water mains. The decision in that case must govern on this question.

The second point was involved in the case of *O'Neil* v. *People*, 166 Ill. 561, that being a proceeding, under the

same ordinance, for the collection of the first installment of the special assessment in question. There, as here, the contention was that the improvement provided for by the ordinance is not a local improvement, but that it contemplated the location of a city hall, pumping works, pumps and stand-pipe, which structures were improvements of a general character. We held in that case that the ordinance contemplated the construction of reservoirs, hydrants and water mains, and the estimate of the cost was not for improvements not local, and it was there said that "this appears from the report of the commissioners appointed by the ordinance," (which showed the cost of labor and materials for water reservoirs, hydrants, water mains and appurtenances, and other expenses attending the improvement, and costs of making and levying the assessment,) and we held that, inasmuch as the commissioners in their report showed that the ordinance provided for the construction and establishment of a system of water-works, water mains and hydrants, the cost of certain portions thereof to be paid for by special assessment, and they having been appointed commissioners to make an estimate of the said portion of said cost of said improvement, and they having submitted their estimate of the portion of said cost of said contemplated improvement, the word "portion," as therein used, together with the fact that the estimate was limited to the items mentioned in the report of the cost therein set forth, showed that the commissioners understood the ordinance in the restricted sense indicated,—that the construction of reservoirs, fire hydrants and water mains was the improvement contemplated by the ordinance, which was to be paid for by special assessment. "The fact that said report was approved by the president and trustees of the village shows that the ordinance was understood by them in that sense. Under such circumstances, and since the contract has been let and the work done, the ordinance should not be held void."

There is nothing in the record before us upon which to base a different conclusion than that there reached. It is true, in this case the village clerk was subpœnaed to produce profiles and specifications on file in his office, referred to in the ordinance, and it seems that he did produce at the trial a plan, book of ordinances and a book of reports, but none of these in any way appear in the record. Appellant also examined a civil engineer who had charge of the work under the ordinance and who drew the plans, and he produced certain profiles and drawings about which he was interrogated; but he nowhere identifies them as the documents or copies of documents mentioned and referred to in the ordinance. Neither does the bill of exceptions show the plan produced by the village clerk, nor any of the drawings which it is now claimed the court erred in refusing to admit in evidence. Certainly, every presumption is in favor of the ruling of the trial court on this question, and in the absence of the alleged competent evidence we must presume that it was properly excluded.

It is not denied that the collector made a *prima facie* case entitling the People to a judgment for the delinquent assessment, as claimed. The burthen was then upon the objector to show, by competent evidence, that the ordinance was void. This he wholly failed to do, under the decision in *O'Neil* v. *People, supra.* The improvement, according to the report of the commissioners who estimated its cost, was a local improvement, and even if the ordinance had provided for general improvements, this estimate would not, therefore, be void.

The judgment of the county court will be affirmed.

*Judgment affirmed.*