THE VILLAGE OF GRAND RIDGE, Appellee, vs. A. T. HAYES
et al. Appellants.

*Opinion filed December 22, 1915—Rehearing denied Feb. 14, 1916.*

SPECIAL ASSESSMENTS—*when an improvement is not a local one.*
An improvement consisting of the laying of water mains in certain
streets and parts of streets in a village and the placing of some
thirty-five fire hydrants at street intersections is not such a local
improvement as can be made by special assessment, where the ordi-
nance does not authorize the use of water by the inhabitants of
the village nor provide for service pipes or house connections; nor
is the invalidity of the ordinance cured by the fact that a subse-
quent ordinance, passed after the assessment was levied, author-
izes house connections and the use of water for domestic purposes.
(*Lingle* v. *West Chicago Park Comrs.* 222 Ill. 384, and *Gray* v.
*Town of Cicero,* 177 id. 459, distinguished.)

APPEAL from the County Court of LaSalle county; the
Hon. HENRY MAYO, Judge, presiding.

TOM W. SMURR, for appellants.

R. D. MILLS, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of
the court:

This is an appeal from a judgment of the county court
of LaSalle county confirming a special tax levied for the
purpose of laying water mains in streets of the village
of Grand Ridge. The water supply of the village, power-
house, pumps and tower were constructed with money
raised by general taxation. On May 12, 1914, the board
of trustees of the village passed an ordinance for the im-
provement here objected to, which was to consist of laying
water mains in a majority, but not all, of the streets of the
village and for the construction of fire hydrants at the in-
tersections of streets. A petition was filed by the village in
the county court praying that a special tax be levied against
the tracts or parcels of land contiguous to or abutting on

the portions of the streets in which it was proposed to lay the water mains. Robert J. McVitte was appointed to spread the assessment and thereafter filed the assessment roll. Appellants filed objections to the special tax assessed against their property, and a hearing was had on the legal objections in July, 1914. They were overruled and a hearing was had on the objections to benefits. The issues on these objections were found against the objectors and a judgment was entered confirming the assessment against their property. From that judgment they appealed to this court, where, on a confession of errors by the village of Grand Ridge, the judgment was reversed and the cause remanded to the county court of LaSalle county for further proceedings. Upon the cause being re-instated in the county court a hearing was had upon the legal objections at the March term, 1915. They were overruled, and subsequently a hearing was had on the objections to benefits. The jury found the property was benefited to the amount of the assessment against it, which finding was approved by the court and a judgment entered confirming the assessment. This appeal is prosecuted by the objectors from that judgment.

The objections urged by appellants on this appeal are: (1) The improvement ordinance is void because the improvement is a general one and not a local improvement; (2) the tax is illegal for the reason that no benefits can result unless additional work not provided for in the ordinance is done; (3) the assessment roll is void and the tax illegal because the tax was spread and the roll returned by an officer who did not subscribe to the oath of office required by the statute of village officers; and (4) appellant A. T. Hayes insists the tax on the west one-half of lots 1 to 4, inclusive, block 2, Poundstone's addition, is illegal because the property is not contiguous to the improvement.

The proof shows the appellee village covers an area of three-fourths of a mile square, and has a population, according to the last census, of 524. The improvement ordinance:

of May 12, 1914, provided for the construction of water mains in certain streets and parts of streets mentioned, and for fire hydrants at the intersections, some thirty-five in number. In some of the more unimportant streets no mains were provided for, and in some of the streets where mains were to be laid they were not to be extended the full length of the street. The ordinance contained no provision for house connections with the mains. It is not denied that all of appellants' property objected for is contiguous to streets in which mains are proposed to be laid except the west one-half of lots 1 to 4, inclusive, block 2, Poundstone's addition. December 1, 1914, the board of trustees of the village passed an ordinance providing for house connections with the water mains, the terms and conditions of such connections, and for the use of water for domestic purposes.

What is a local improvement, within the meaning of the constitution and statutes, which may be paid for by special assessment or special taxation has frequently been the subject of consideration by this court. (*City of Waukegan* v. *DeWolf*, 258 Ill. 374, and cases cited in the opinion.) In that case, after a review of the authorities, it was said: "These and other cases demonstrate that the question whether an improvement is a local one, within the meaning of the constitution and statute, does not depend upon the fact that there are incidental or indirect public benefits for which an equitable portion of the costs may be assessed to the municipality, as contemplated by the statute, and is not determined by the fact that some property in the municipality is benefited to a greater degree than other property, but does depend upon the nature of the improvement and whether the substantial benefits to be derived are local or general in their nature. If its purpose and effect are to improve a locality it is a local improvement although there is incidental benefit to the public, but if the primary purpose and effect are to benefit the public it is not a local improvement although it may incidentally benefit property in a par-

271 — 28

ticular locality." In *Northwestern University* v. *Village of Wilmette,* 230 Ill. 80, it was said: "If the improvement will enhance, specially, the property adjacent to which it is made, the improvement is local within the meaning of the law and may be paid for by special assessment upon the property benefited." It has been uniformly held that the construction of a water-works plant or an electric light plant is not a local improvement, but such plants are of general utility to the inhabitants of the municipality and must be paid for by general taxation. *Village of Morgan Park* v. *Wiswall,* 155 Ill. 262; *Village of Blue Island* v. *Eames,* id. 398; *Hewes* v. *Glos,* 170 id. 436.

While the ordinance here under consideration did not provide for the laying of water mains in all the streets of the village it did provide for laying them in a majority of them, and in the principal streets, in such manner as to afford fire protection to practically all the improved property within the village limits. The ordinance did not declare the purpose of the improvement. It provided for the laying of water mains, with necessary valves, boxes and fire hydrants,—the latter at the street intersections, thirty-five in number. It did not authorize the use of the water by the inhabitants of the village nor provide for service pipes or other connections between the property taxed and the mains. For the protection of the property in the village against fire the improvement was of general benefit to the whole village and not of special benefit to contiguous property. If the building of the water-works plant proper was a general benefit required to be paid for by general taxation, we are unable to see how connecting mains with the plant for the purpose of supplying water to fire hydrants throughout the village as a fire protection can be held to be a local improvement and of special benefit to contiguous property. It is apparent some property in the village not contiguous to the water mains and not taxed is nearer fire hydrants than other property in the middle of blocks con-

tiguous to the streets in which the mains are laid. In Wilson v. Board of Trustees, 133 Ill. 443, it was held that improvements within a municipality which are not, by reason of their locality, a special benefit to some property beyond their benefit to property generally throughout the municipality are not local improvements.

Appellee cites Hughes v. City of Momence, 163 Ill. 535, as sustaining this improvement as a local improvement. The ordinance there considered provided for a system of water-works, including mains, standing reservoir, submerged reservoir, fire hydrants and the necessary appurtenances thereto. It provided that the laying of the mains and appurtenances should be paid for by special assessment upon the property benefited and the remainder of the cost by general taxation. It was objected by property owners that the laying of the mains was not a local improvement, but this objection was not sustained. The part of the ordinance copied in the opinion of the court does not declare the objects and purposes of laying the mains. After the passage of the ordinance, and on the same day, the council passed another ordinance, in which it was sought to provide for the payment of the construction of the stand-pipe, reservoirs and attachments also by special assessment. This question was before this court in Hughes v. City of Momence, 164 Ill. 16, and in the opinion in that case is set out the part of the original ordinance in which the object and purpose of it is declared, viz., the establishment of a system of water-works, mains, hydrants, etc., for the use of said city for the purposes of fire protection, "and for the use of the inhabitants of said city as a means of furnishing to the inhabitants thereof water." In O'Neil v. People, 166 Ill. 561, also cited by appellee, the ordinance provided for a water-works system, and the laying of the mains, hydrants and appurtenances was to be paid for by special assessment. That part of the ordinance was sustained as being for the construction of a local improvement, but the ordinance pro-

vided that the purpose of it was to furnish a supply of water for fire protection in the village "and for the use of the inhabitants of said village of Maywood." We find no case, and none has been cited, holding that the laying of mains in the streets for the protection, alone, of the municipality against fire is a local improvement, and we think, under the authorities before cited, it must be held that it is not.

Appellee contends that, properly construed, the improvement ordinance does provide for the use of water for domestic purposes as well as for fire protection. We are of opinion this position is untenable, as there is nothing in the language of the ordinance from which an inference can be drawn that it was intended property owners should be permitted to connect their property with the water mains and use the water for domestic purposes. They could not make the connections without authority from the village. No such authority was conferred by the improvement ordinance, and it rested in the discretion of the board of trustees whether it should be conferred or not.

It is insisted the ordinance of December 1, 1914, authorizing house connections and the use of water by the property owners, should be considered as a construction by the village board of the intention and purpose of the improvement ordinance. It is stipulated that a number of property owners had at the time of the last trial connected their property with the water mains and were using the water, but it does not appear that any of these connections were made before the passage of the ordinance in December, 1914.

This case is unlike *Lingle* v. *West Chicago Park Comrs.* 222 Ill. 384, and *Gray* v. *Town of Cicero,* 177 id. 459. In those cases the original improvement ordinance was for a local improvement, and the ordinances passed after the assessment had been spread did not change, and were not intended to change, the character of the improvement. Here

the original improvement ordinance was not for a local improvement, and the ordinance of December 1, 1914, could not change what was before a public improvement to a local improvement.

It is our conclusion that the court erred in overruling the objection of appellants that the ordinance was not for a local improvement. This view of the case makes it unnecessary to refer to the other objections raised.

The judgment is reversed and the cause remanded to the county court, with directions to sustain the objection.

*Reversed and remanded, with directions.*