(No. 14399.—Judgment affirmed.)

THE VILLAGE OF ST. ANNE, Plaintiff in Error, *vs.* THE
CINCINNATI, LAFAYETTE AND CHICAGO RAILROAD COM-
PANY *et al.* Defendants in Error.

*Opinion filed February 22, 1922.*

1. SPECIAL ASSESSMENTS—*what necessary to support special as-
sessment for water system.* A special assessment for a system of
water mains and fire-hydrants cannot be sustained where neither
the ordinance nor the evidence shows any provision for service
pipes to the property, connections with mains, location of hydrants,
or any other feature to distinguish the improvement as local and
as being of any special benefit to the property in addition to the
common public benefit, even though the property is without' ade-
quate fire protection.

2. SAME—*extent to which portions of right of way leased to
tenants may be specially assessed.* Portions of a railroad right of
way which are leased to tenants for private business purposes may
be assessed in such amount as the evidence shows that the property
will be specially benefited for the particular use to which such por-
tions are devoted.

WRIT OF ERROR to the County Court of Kankakee
county; the Hon. JAMES T. BURNS, Judge, presiding.

W. G. BROOKS, and JOHN H. BECKERS, for plaintiff in
error.

W. R. HUNTER, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The village of St. Anne, plaintiff in error, applied to
the county court of Kankakee county for confirmation of a
special assessment of benefits by reason of the construction
of a system of water mains and fire-hydrants. The Cin-
cinnati, Lafayette and Chicago Railroad Company and the
Chicago and Eastern Illinois Railroad Company, defend-
ants in error, filed objections, and upon a trial with a jury
there was a verdict in favor of each, finding that its prop-

erty would not be specially benefited by the construction of the improvement. The court entered judgment on the verdict, dismissing the petition as to the property of defendants in error, and the record has been brought to this court by writ of error.

The assignment of error to which substantially all the arguments are devoted, is that the verdict is not supported by the evidence. The Chicago and Eastern Illinois railroad runs north and south through the village of St. Anne and is crossed by the Cincinnati, Lafayette and Chicago railroad, running from southeast to northwest. The right of way of each company is 100 feet wide, and the two companies maintain a joint depot at the intersection. The assessment roll described the property assessed as the rights of way of the railroad companies, including station grounds and stock yards thereon; a tract of land outside the right of way of the Cincinnati, Lafayette and Chicago Railroad Company, which the evidence showed was used as a pasture; and a small tract outside of the right of way of the Chicago and Eastern Illinois Railroad Company. The Cincinnati, Lafayette and Chicago railroad is commonly called the Big Four, and on the right of way a grain company has a coal shed and the Standard Oil Company a filling station. The railroad company owns a tract of land on which there is a stock yard, consisting of open pens and a loading chute, and the rest of that tract is the five acres used as a pasture. On the right of way of the Chicago and Eastern Illinois Railroad Company the company has small buildings, such as a tool house, and private individuals own a coal shed, lumber shed, corn crib, elevator and office, and a brick office building occupied by doctors and a dentist. At the time of the trial the village was supplied with water from a plant owned and operated by the Public Service Company of Northern Illinois from a well and through service mains and fire-hydrants, most of the mains being four inches in diameter, with a few six or eight inches. An ordinance

granting a license to the Public Service Company for twenty years was passed in 1899. The license had expired by its terms but it had not been canceled and the plant was still in full operation, with the water mains belonging to that company.

The questions of fact controverted at the trial were, whether there was already an adequate supply of water for the uses of the railroad companies and the structures on the right of way, and whether there would be any benefit to them other than the general public benefit resulting from fire-hydrants for general protection. On those questions the evidence was directly in conflict and a considerable number of witnesses testified on each side. It is said, however, that regardless of the testimony there would necessarily be benefit to five acres of the tract on which there were stock pens, which were used for pasture. There might or might not be such benefit, depending upon the question whether water would be supplied to the pasture, and there was no evidence that water would be so supplied or that the pasture land would have any benefit whatever from the system. There were buildings on the right of way owned by individuals and devoted to private purposes which might be benefited if the existing water supply was inadequate either for common uses or local fire protection, provided adequate provision was made for the same. The individuals owning the same and occupying portions of the right of way under leases had agreed to pay all taxes, assessments, license fees or other charges that might be levied or assessed upon the improvements or against the lessor by reason of the use of the premises by the lessees. The evidence was contradictory as to whether the buildings would be benefited by the improvement whether assessed to the railroad company or the owners, but neither the ordinance as contained in the abstract of the record, nor the evidence, gives any information as to a provision for connection with them or any special location of a fire-hydrant which might

give additional protection to the property aside from the common public benefit.  There was no evidence of any situation or of any provision for service pipes, connections with mains or other thing which would distinguish the improvement as local, and the property could not be assessed for the general system of fire protection even if not already adequately supplied.  *Village of Grand Ridge* v. *Hayes,* 271 Ill. 431.

Relating to the buildings of individuals on the right of way, the plaintiff in error asked the court to instruct the jury that those portions of the right of way were the same as in the case of other property not restricted to railroad uses, and might be assessed in such amount as the jury might believe from the evidence they would be specially benefited for the use or uses to which they are being put.  The court struck out the statements that they were the same as other private property and the application of the rule to the uses for which those portions were being put, but the instruction still told the jury that such portions of the right of way could be assessed in such amounts as they would be specially benefited by the improvement.  The instruction as tendered was correct, and that was the view of the court, as shown by the following instruction which was given at the instance of the plaintiff in error:

"You are instructed that one of the questions for you to determine is, whether the proposed improvement will or will not specially benefit the rights of way of the defendant railroad companies for railroad purposes, and in considering this question you have a right to consider also whether or not any portion or portions of said rights of way are now leased to tenants for private business purposes and to assess such portion or portions of said rights of way in such amount or amounts as you may find from the evidence that it will be specially benefited by the construction of said improvement for the particular use to which such portion or portions of the rights of way are devoted."

301—27

There was another similar instruction given, so that no harm was done by a modification of the instruction first mentioned.

The court also instructed the jury that it should not consider a supposed benefit arising from fire protection to the property assessed, and as applied to the evidence in the case the instruction was not incorrect for want of evidence that any provision had been made for fire protection different from all other property in the village.

In the state of the record as presented to the court we are unable to say that the finding of the jury, approved by the trial court, was against the weight of the evidence, and therefore the judgment is affirmed.    *Judgment affirmed.*